FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FILED
AUG 17 2015
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

In re: SEAN PATRICK GJERDE,  )   Case No. 15-11520-C-7
                             )
             Debtor.         )
_____)

## OPINION

**Before: Christopher M. Klein, Chief Judge**

---

Sean Patrick Gjerde, Wilton, California, in propria persona.

Robert A. Hawkins, Fresno, California, Chapter 7 Trustee.

KLEIN, Bankruptcy Judge:

The court "may waive" the chapter 7 case filing fee by virtue of 28 U.S.C. § 1930(f)(1) for individuals whose income is below a designated threshold and who are unable to pay the filing fee in installments.  The case law on § 1930(f)(1) applies a "totality-of-circumstances" approach to the waiver decision, focusing mainly on ability to pay.  This case holds that bad bankruptcy conduct may suffice to defeat a fee waiver for an otherwise-eligible debtor.  It also draws attention to the role of the discharge suspension mandated by Federal Rule of Bankruptcy Procedure 4004(c)(1)(G) as a fee collection device, in lieu of dismissing the case.

The pro se debtor, a disbarred bankruptcy attorney, was the debtor in four prior chapter 7 cases during the past three years, each of which was dismissed because he did not attend the meeting of creditors. In those cases, he ran up $931 in unpaid bankruptcy filing fees. He did not identify those cases in his petition or in his fee-waiver applications and did not include the $931 in unpaid fees in his schedules. For these reasons, the filing fee will not be waived.

This fee waiver denial, however, does not necessarily deny bankruptcy relief to the debtor (who now seems to be complying with basic bankruptcy duties and has a new incentive to obtain a discharge). Rather, the denial means that a chapter 7 discharge is contingent, by virtue of Federal Rule of Bankruptcy Procedure 4004(c)(1)(G), on payment of the $335 filing fee and all other filing fees accruing during the case.

## Facts

Sean Patrick Gjerde requests that the $335 chapter 7 filing fee[1] be waived pursuant to 28 U.S.C. § 1930(f)(1). The chapter 7 trustee objects to waiver of the fee.[2]

---

[1] The $335 filing fee represents the sum of the $245 filing fee prescribed by 28 U.S.C. § 1930(a)(1)(A), plus the $75 "administrative fee" prescribed by the Judicial Conference of the United States pursuant to § 1930(b) under Bankruptcy Court Miscellaneous Fee Schedule #8, plus the $15 trustee payment prescribed by Bankruptcy Court Miscellaneous Fee Schedule #9 as mandated by 11 U.S.C. § 330(b)(2)(A).

[2] The fee waiver application was initially granted and then vacated as a clerical mistake pursuant to Federal Rule of Civil Procedure 60(a) because the court was unaware of the objection by the trustee. Fed. R. Civ. P. 60(a), incorporated by Fed. R. Bankr. P. 9024.

2

When he filed the case, Gjerde was a federal prisoner nearing release from a 30-month sentence for mail fraud conspiracy and false statements in mortgage applications.[3] He was released during this chapter 7 case.

Gjerde was a bankruptcy attorney who, before his disbarment in 2014,[4] had filed eighty-one bankruptcy cases in this judicial district as an attorney representing debtor clients.

Gjerde also filed four chapter 7 cases for himself within the past eight years: No. 12-35578-C-7 (filed 8/27/12); No. 12-40107-C-7 (filed 11/16/12); No. 13-23058-C-7 (filed 3/7/13); No. 13-28881-C-7 (filed 7/1/13). Each case was dismissed because Gjerde skipped the meeting of creditors.

In each of his cases, Gjerde obtained permission to pay filing fees in installments and then failed to complete the payments. His accumulated unpaid installments total $931.[5]

In this case, Gjerde did not properly identify his four prior cases in his petition or in his fee waiver application. The petition requires disclosure, under penalty of perjury, of "all prior bankruptcy cases filed within last 8 years," with location where filed, case number, and date filed. He indicated only one case, with the case number "unknown" and the date of filing left blank. He also put the same misinformation in his

---

[3] United States v. Gjerde, No. 2:10CR00223-07, U.S. Dist. Ct., E.D. Cal., Sep. 24, 2013.

[4] In re Sean Patrick Gjerde, No. 12-O-16479-LMA, State Bar Ct. Cal., May 11, 2014.

[5] Court records reflect the following payment: No. 12-35578-C-7, $153; No. 12-40107-C-7, $60; No. 13-23058-C-7, $40; No. 13-28881-C-7, $40. The filing fee for those cases was $306 per case. The unpaid balance of the $1,224 total is $931.

3

1  fee waiver application, once again under penalty of perjury.
2      Similarly, Gjerde omitted from his schedules, also executed
3  under penalty of perjury, his $931 debt to the United States for
4  unpaid filing fees in his prior cases.
5      He has amended his schedules once, incurring an additional
6  filing fee that he also wants waived.  His second application
7  repeats the problems that are in his initial application.
8      This fifth case differs from the four previous cases.
9  Gjerde has filed an adversary proceeding seeking to discharge a
10 student loan debt as an undue hardship.  Since a discharge is an
11 essential prerequisite to discharging a student loan, it appears
12 that he may actually perform his duties as debtor in this case.

### Jurisdiction

Jurisdiction is founded on 28 U.S.C. § 1334(a).  Fee waivers under 28 U.S.C. § 1930(f)(1) are core proceedings concerning the administration of the estate.  28 U.S.C. § 157(b)(2)(A).

### Discussion

A review of the terms of the statute and the cases construing it set the stage for considering the question whether prior bad bankruptcy conduct warrants denying a chapter 7 fee waiver to an otherwise-eligible individual.

### I

The § 1930(f)(1) fee waiver provision gives the court discretion to waive the chapter 7 filing fee for individuals whose income is less than 150 percent of the income official

4

poverty line applicable to a family of the size involved and is unable to pay that fee in installments.[6]

Under basic textual analysis, a § 1930(f)(1) fee waiver is a matter of discretion. The verb form "court _may_ waive" the filing fee indicates that a waiver is discretionary and not mandatory. 28 U.S.C. § 1930(f)(1) (emphasis supplied); <u>Bishop v. Mann (In re Bishop)</u>, 2007 Westlaw 7532285, *3 (9th Cir. BAP 2007) (abuse of discretion standard of review for § 1930(f)(1)).

Congress provided for judicial discretion in § 1930(f)(1), instead of creating a right to a waiver, because a fee waiver is a mixed blessing. It facilitates access to bankruptcy relief for impoverished individuals who might otherwise be too poor to file bankruptcy. But, a fee waiver also impairs the functioning of the bankruptcy system because it deprives the chapter 7 trustees of the $60 from the filing fee that often is their sole source of compensation in a no-asset case, in effect conscripting them to

---

[6]The text of the statute is:

> Under the procedures prescribed by the Judicial Conference of the United States, the district court or the bankruptcy court may waive the filing fee in a case under chapter 7 of title 11 for an individual if the court determines that such individual has income less that 150 percent of the income official poverty line (as defined by the Office of Management and Budget, and revised annually in accordance with section 673(2) of the Omnibus Budget Reconciliation Act of 1981) applicable to a family of the size involved and is unable to pay that fee in installments. For purposes of this paragraph, the term "filing fee" means the filing fee required by subsection (a), or any other fee prescribed by the Judicial Conference under subsections (b) and (c) that is payable to the clerk upon the commencement of a case under chapter 7.

28 U.S.C. § 1930(f)(1).

5

work for free. 11 U.S.C. § 330(b). And, it deprives the courts of fee revenue that Congress counts on to assist in funding the Judicial Branch.

Although the first element of the two-part test (income less 150 percent of the income official poverty line) is objective, the second element ("unable" to pay installment fees) entails subjectivity and discretion.

## II

Most of the reported decisions regarding § 1930(f)(1) fee waivers focus on construing inability to pay.

### A

The decisions adopt a case-by-case, totality-of-circumstances approach to the exercise of § 1930(f)(1) discretion. E.g., In re Stickney, 370 B.R. 31, 40-42 (Bankr. D.N.H. 2007) (collecting cases); In re Spisak, 361 B.R. 408, 413-14 (Bankr. D. Vt. 2007).

Courts have considered as relevant whether there are assets or income that might not be property of the estate but that may affect § 1930(f)(1) inability to pay installments. Bishop, 2007 Westlaw 7532285, at *7; In re Robinson, 2006 Westlaw 3498296, at *3 (Bankr. S.D. Ga. 2006).

Likewise, resources of other persons, such as a non-filing spouse or domestic partner or persons paying for bankruptcy counsel, are probative of inability to pay. E.g., In re Burr, 344 B.R. 234, 237 (Bankr. W.D.N.Y. 2006).

Future financial prospects of the debtor also matter.

```
 1  Spisak, 361 B.R. at 414.
 2       The common element in these cases is their focus on
 3  inherently financial issues.
 4
 5                                  B
 6       Those decisions agree that the court must be persuaded to
 7  waive the filing fees and that the burden of proof (and
 8  correlative risk of non-persuasion) is on the applicant for a
 9  § 1930(f)(1) fee waiver.  Burr, 344 B.R. at 236.
10       Sometimes persuasion involves close calls.  Just as baseball
11  umpires may have different strike zones, differences in outcomes
12  in fee waiver cases may reflect differences in the threshold of
13  doubt of individual judges.  Compare In re Machia, 360 B.R. 416,
14  420-21 (Bankr. D. Vt. 2007), with Burr, 344 B.R. at 237.
15
16                                  C
17       Fee waiver cases involving prior bad bankruptcy behavior are
18  more difficult to find.
19       As relevant to this case, a district court in a bankruptcy
20  appeal recently noted that a bankruptcy court does not abuse its
21  discretion by denying a § 1930(f)(1) fee waiver on the basis that
22  the debtor owes unpaid filing fees from prior cases.  In re
23  Duroser, 2015 Westlaw 4068243, *3 n.5 (N.D. Ga. 2015) (dictum).
24
25                                 III
26       In assessing a fee waiver, it is appropriate to be mindful
27  of the consequences of a denial of fee waiver.
28       Contrary to a common assumption, declining to waive the
```

filing fee is not necessarily fatal to bankruptcy relief for the debtor, and nonpayment does not require dismissal of the case.

### A

To be sure, nonpayment of the filing fee constitutes "cause" to dismiss a chapter 7 case and often does lead to dismissal. 11 U.S.C. § 707(a)(2).

Nevertheless, as with § 1930(f)(1), the verb form controlling § 707(a)(2) is permissive - "court may dismiss" - and is not mandatory. It follows that the decision to dismiss entails the exercise of judicial discretion and that the burden of persuasion is on the proponent of § 707(a) dismissal. Hence, the existence of "cause" to dismiss a chapter 7 case does not automatically require dismissal.

### B

The alternative to dismissal is to permit the case to proceed with the filing fee unpaid. This alternative is particularly viable where the debtor otherwise is performing the debtor's duties and does not appear to be inappropriately exploiting the automatic stay as a form of delay to the prejudice of creditors. See 11 U.S.C. § 707(a)(1).

When a chapter 7 case is permitted to proceed with an unpaid fee, the debtor will not receive a chapter 7 discharge until the filing fee is paid in full, unless the court on further reflection waives the fee. Fed. R. Bankr. P. 4004(c)(1)(G).[7]

---

[7] Rule 4004(c)(1)(G) provides:

This tool enables a variety of alternatives for the court. If the debtor wants a discharge, then the filing fee will have to be paid, unless the court waives the fee later in the case. If the fee is paid, the discharge will issue and the chapter 7 trustee will be paid. If the court takes a "wait and see" approach, it can revisit the waiver question later in the case. In this court's experience, the filing fee eventually is paid.

In sum, if the fee is not paid, the court retains three options. It can waive the filing fee, thereby removing the obstacle to entry of discharge. It can close the case without entry of discharge. Or, it can dismiss the case under § 707(a).

C

Rule 1006(b)(2) does not compel a contrary conclusion. That rule provides that there shall not be more than four installments of the filing fee, that the final installment shall be payable not later 120 days after filing the petition, and that extensions are payable not later than 180 days after filing the petition.

---

> (1) In a chapter 7 case, on expiration of the times fixed for objecting to discharge and for filing a motion to dismiss the case under Rule 1017(e), the court shall forthwith grant the discharge, except that the court shall not grant the discharge if: ...
> (G) the debtor has not paid in full the filing fee prescribed by 28 U.S.C. § 1930(a) and any other fee prescribed by the Judicial Conference of the United States under 28 U.S.C. § 1930(b) that is payable to the clerk upon the commencement of a case under the Code unless the court has waived the fees under 28 U.S.C. § 1930(f); ...

Fed. R. Bankr. P. 4004(c)(1)(G).

9

Fed. R. Bankr. P. 1006(b)(2).[8]

This rule does not call for dismissal of a case on account of late installments and does not forbid the payment of late installments even after 180 days.

The immediate consequence for noncompliance with an installment filing fee schedule is that no payment may be made to an attorney or other person who renders services to the debtor in connection with the case until all installments have been paid. Fed. R. Bankr. P. 1006(b)(3) ("Postponement of Attorney's Fees").[9] Tardy installments operate to extend the suspension of attorney's fees. Such a suspension may be an efficacious filing fee collection strategy in a chapter 13 case where the chapter 13 trustee is doling out attorney's fees as administrative expenses, but it is more difficult to police in cases under other chapters.

---

[8]Rule 1006(b)(2) provides:

> (2) Action on Application. Prior to the meeting of creditors, the court may order the filing fee paid to the clerk or grant leave to pay in installments and fix the number, amount, and dates of payment. The number of installments shall not exceed four, and the final installment shall be payable not later than 120 days after filing the petition. For cause shown, the court may extend the time of any installment, provided the last installment is paid not later than 180 days after filing the petition.

Fed. R. Bankr. P. 1006(b)(2).

[9]Rule 1006(b)(3) provides:

> (3) Postponement of Attorney's Fees. All installments of the filing fee must be paid in full before the debtor or chapter 13 trustee may make further payments to an attorney or any other person who renders services to the debtor in connection with the case.

Fed. R. Bankr. P. 1006(b)(3).

The court is left with the main alternatives of dealing with tardy installments by blocking the discharge under Rule 4004(c)(1)(G) or by dismissing the case under § 707(a)(2).

Since either consequence can be averted by paying the filing fee, even after the 180-day deadline for installments, the time limits specified for installments in Rule 1006(b)(2) seem to be a toothless tiger.[10]

In reality, the leverage to collect filing fees in chapter 7 cases is provided by the Rule 4004(c)(1)(G) bar to entry of the chapter 7 discharge if the filing fee is neither paid nor waived. As the long-term goal of the ordinary chapter 7 individual debtor is entry of discharge, the price of achieving that goal is the $335 filing fee.

IV

Against the backdrop of the option to keep the case open when the filing fee has not been paid, the question becomes whether non-financial factors may warrant denying a fee waiver.

This court accepts for purposes of § 1930(f)(1) analysis that the debtor's income is less than 150 percent of the income

---

[10]The advisory committee note to the adoption of former Bankruptcy Rule 107(b)(2) in 1973 and carried forward as Rule 1006(b)(2) in 1983 explains:

> The administrative cost of installments in excess of 4 is disproportionate to the benefits conferred, and prolongation of the period of payment beyond 6 months after bankruptcy causes undesirable delays in administration.

Bankr. R. 107(b)(2), Advisory Committee Note; accord, Fed. R. Bankr. P. 1006(b)(2), Advisory Committee Note. No particular result for noncompliance is specified.

11

1 official poverty line applicable to a family size of one and that
2 he is unable to pay the filing fee in installments. Similarly,
3 for purposes of this portion of the analysis, the court takes at
4 face value the debtor's assertions that his release from federal
5 custody during the case has not improved his finances.
6     Two obstacles remain for the debtor's requests for fee
7 waivers. First, he established a pattern of noncompliance with
8 basic bankruptcy duties during the course of his four previous
9 chapter 7 cases. He did not bother to attend the meeting of
10 creditors required by 11 U.S.C. § 341 in any of those cases. In
11 doing so, he violated the debtor's duties to cooperate with the
12 trustee as necessary to enable the trustee to perform the
13 trustee's duties and to attend and submit to examination at times
14 ordered by the court. 11 U.S.C. § 521(a)(3); Fed. R. Bankr. P.
15 4002(a)(1). Nor did he pay the filing fees in full for any of
16 the four previous cases. The bad bankruptcy conduct in his prior
17 cases constitutes an adequate, independent basis to decline to
18 waive the filing fee. Duroser, 2015 Westlaw 4068242, at *3 n.5.
19     Second, in this case, the debtor falsely omitted from his
20 petition correct identification of his four prior cases. He also
21 falsely omitted correct identification of those four prior cases
22 in his applications for fee waivers. And, he falsely omitted
23 from his schedules his debt to the United States for the $931 in
24 unpaid filing fees that remain from those four prior cases. All
25 of these omissions are in documents signed under penalty of
26 perjury. These omissions provide an adequate, independent basis
27 to decline to waive the filing fee.
28     None of these problems can be chalked off as mistakes by an

untutored, self-represented debtor. As noted, when he practiced law, the debtor represented debtors in eighty-one bankruptcy cases in this district. It is implausible that he does not understand the abc's of preparing schedules and of elementary duties of a debtor in a bankruptcy case.

This constellation of problems warrants exercise of discretion to decline to waive the filing fee under § 1930(f)(1), regardless of whether the debtor's finances qualify him for the fee waiver.

As noted, if the debtor eventually performs his duties in this case so as to qualify for the chapter 7 discharge, then he will have to pay the $335 filing fee and all related fees.

V

Returning to the question of inability to pay the filing fee, it is not clear that the debtor actually will be unable eventually to pay the $335 filing fee, as well as miscellaneous fees.

The gravamen of his argument, on which he has the burden of proof, is that the debtor never again will be able to earn a living because he has been disbarred from practicing law and is saddled with a felony conviction. This argument proves too much.

Although it is apparent that the debtor faces self-inflicted obstacles to future success, that does not mean he is unemployable. As a college graduate with a law degree, he still has the intelligence, knowledge, and ability to earn a living.

The court is confident that during the time that it takes for the debtor to prosecute his adversary proceeding to discharge

a student loan as an undue hardship, he will be able to accumulate the funds to pay the filing fees on which his discharge depends.

An order will be entered denying the debtor's applications for waiver of filing fees.

Dated: August 17, 2015.

_____
UNITED STATES BANKRUPTCY JUDGE

14

INSTRUCTIONS TO CLERK OF COURT
SERVICE LIST

The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

Sean Patrick Gjerde
5050 Laguna Blvd #112-726
Elk Grove CA 95758

Robert A. Hawkins
1849 N Helm #110
Fresno CA 93727

Antonia Darling
Office of the U.S. Trustee
501 I Street
Sacramento, CA 95814